JANICE YARMOVE, as Executrix of JACK YARMOVE, Deceased, Respondent, v. SEEMAN BROTHERS, INC., Appellant.— Order, entered on April 13, 1965, unanimously affirmed, with $50 costs and disbursements to the respondent. The order of this court entered herein on the 29th day of September, 1966 [26 A D 2d 796], is hereby vacated. No opinion. Concur — Breitel, J. P., Rabin, Stevens, Steuer and Capozzoli, JJ.

## (October 6, 1966)

SIDNEY HARRIS et al., as Executors of MONROE E. HEMMERDINGER, Deceased, et al., Respondents, v. LOUIS E. ENFELD, Appellant.— Order, entered on March 21, 1966, granting plaintiffs' motion for summary judgment, denying defendant's cross motion therefor and dismissing defendant's counterclaim, unanimously modified, on the law and on the facts, to the extent of deleting the directions for payment of interest from February 3, 1965 and the return of dividends collected by defendant subsequent to February 3, 1965, and, as so modified, affirmed, without costs or disbursements. The inclusion of interest from the date of termination of employment and the direction for the return of the dividends declared prior to the expiration of the option was error. Defendant had title to the bonds and stock constituting the units until November 3, 1965, when the option expired. Settle order on notice. Concur — McNally, J. P., Stevens, Capozzoli and Witmer, JJ.

## (October 11, 1966)

GLENS FALLS INSURANCE COMPANY, Appellant, v. SAMUEL C. POLING, Defendant, and EDWIN P. POLING, Respondent.— Order, entered on September 10, 1965, granting motion to dismiss complaint unanimously reversed, on the law, with $50 costs and disbursements to appellant, and motion denied. The complaint is in an action for a declaratory judgment by an insurance company on the question of coverage. Special Term granted the motion on the ground that the suit was untimely. This conclusion was reached on the ground that the pending negligence action would determine the question. It would not. The issue in the instant action is whether or not defendant Samuel Poling was the owner of the motor boat involved in the accident. However, Poling's liability to the plaintiff in the negligence action will depend on his operation of the boat, regardless of whether or not he was the owner. Concur — Breitel, J. P., McNally, Stevens, Steuer and Capozzoli, JJ.